**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL GUCKES, on behalf of himself and others similarly situated,** | ) | CASE NO.: |
| Plaintiff, | ) | JUDGE |
| v. | ) | |
| **INFRASYS, INC., D/B/A THORSPORT RACING,** | ) | **COLLECTIVE ACTION COMPLAINT** |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Plaintiff Michael Guckes ("Representative Plaintiff") brings this Complaint against Defendant Infrasys, Inc. D/B/A ThorSport Racing ("Defendant") and alleges as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join this case pursuant to § 216(b). Representative Plaintiff's written consent to join this action pursuant to 29 U.S.C. is attached as **Exhibit "A."**

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in Sandusky, Ohio and a substantial part of the events or omissions giving rise to the foregoing claims occurred here.

## PARTIES

5. Representative Plaintiff is a resident of Ohio who was employed by Defendant within the last three years.

6. Defendant is a Corporation for Profit organized under the laws of the state of Minnesota and maintaining a principal place of business in Sandusky, Ohio. Defendant can be served through its Statutory Agent, David L. Thorson, 2520 South Campbell Street, Sandusky, OH 44870.

7. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

10. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

11. Defendant is in the business of competitive racing. To this end, Defendant maintains a 100,000 square foot facility in Sandusky, Ohio where it builds trucks designed to compete in the NASCAR Craftsman Truck Series. Defendant also employs a professional

racing team headquartered at its Sandusky facility. *See* https://thorsport.com/highlights.

12. Defendant employed Representative Plaintiff as a mechanic from February 8, 2024 through November 4, 2025.

13. As a mechanic, Representative Plaintiff was one of many employees who worked for Defendant in a non-exempt capacity.

14. Representative Plaintiff and other similarly situated employees routinely worked in excess of 40 per workweek. As such, Representative Plaintiff and other similarly situated employees were entitled to receive overtime.

15. Defendant's employee handbook provides a written policy for overtime compensation for its non-exempt employees that provides as follows:

> If you are a "non-exempt" employee and your (sic) perform overtime work, you will be paid one and one-half (1-1/2) times your regular hourly wage for any time over forty (40) hours per week that you work.

16. Defendant's employee handbook also maintains a written policy for calculation of salaried employee overtime, which provides:

> Should you be one of our "salaried" employees whose pay is not based on an hourly rate, there may be times when it is necessary to compensate you for some daily or hourly pay. When this is necessary, Infrasys will compute your time on the basis of an eight (8) hour workday/ a forty (40) hour work week/ a fifty-two (52) week work year/ a twelve month (12) month work year.

17. In practice, however, Defendant failed to compensate its employees as it had articulated in its handbook. Instead, Defendant compensated Representative Plaintiff and other similarly situated employees at a rate substantially less than the time and a half the employees had earned.

18. The FLSA requires Defendant to pay overtime compensation to Representative

Plaintiff and other similarly situated employees at one and one-half times their regular rate of pay. 29 U.S.C. § 207(e)(3). Defendant failed to do so.

19. Upon information and belief, Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

20. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective Class"). The FLSA Collective Class is defined as:

> All current and former non-exempt employees of Defendant who worked more than 40 hours in at least one workweek during the three-year period preceding the commencement of this action through the conclusion of this action.

22. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice, resulting in unpaid overtime, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorney's fees, and costs.

23. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendant have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

**COUNT ONE**
**(FLSA Overtime Violations)**

24. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Class members who may join this case pursuant to 29 U.S.C. § 216(b). Representative Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

26. The FLSA requires that Defendant's non-exempt employees receive overtime compensation for all hours worked in excess of forty in a workweek.

27. Defendant failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Class Members for all hours worked in excess of forty (40) in a workweek.

28. At all relevant times, Defendant knew that it was required to pay Representative Plaintiff and the FLSA Collective Class Members overtime compensation.

29. Upon information and belief, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

30. As a result of Defendant's violations of the FLSA, Representative Plaintiff and the FLSA Collective Class Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the Plaintiffs or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly-situated employees, collectively pray that this Honorable Court:

31. Direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

32. Enter judgment against Defendant and in favor of Representative Plaintiff and the FLSA Collective Class Members;

33. Award compensatory damages to Representative Plaintiff, the FLSA Collective Class Members in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

34. Award Representative Plaintiff and the FLSA Collective Class Members pre-judgment and post-judgment interest at the statutory rate; and

35. Award Representative Plaintiff and the FLSA Collective Class Members their costs and attorney's fees incurred in prosecuting this action.

36. Award Representative Plaintiff and the FLSA Collective Class Members any further relief to which they are entitled that the Court deems equitable and just.

Respectfully submitted,

Christopher J. Lalak (0090079)
AnnaMaria Jadue (0102464)
**LALAK LLC**
1991 Crocker Road
Suite 600
Westlake, OH 44145
Telephone 440.892.3380
Email: clalak@employmentlawohio.com
ajadue@employmentlawohio.com

*Counsel for Representative Plaintiff*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.

Christopher J. Lalak

*Counsel for Representative Plaintiff*